IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| ANDREW DIXON, | |
| Movant, | CIVIL ACTION NO.: 5:15-cv-51 |
| v. | |
| UNITED STATES OF AMERICA, | (Case No. 5:12-cr-18) |
| Respondent. | |

**ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Andrew Dixon ("Dixon"), who is currently incarcerated at the Federal Correctional Institute in Jesup, Georgia, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255.  (Doc. 111.)[1]  For the reasons which follow, I **RECOMMEND** this Court **DENY** Dixon's Motion to Vacate, Set Aside, or Correct his Sentence, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Dixon a Certificate of Appealability and *in forma pauperis* status on appeal.  Given that Dixon's Section 2255 Motion is unavailing, the Court should **DENY** Dixon's Motion for Bond, (doc. 128), Motion to Compel Judgment, (doc. 129), and Motion for Writ of Mandamus, (doc. 133).[2]

---

[1] The pertinent record documents in this case are filed on the docket of Dixon's criminal case, United States v. Dixon *et al.*, 5:12-cr-18 (S.D. Ga. Dec. 6, 2012), and many are not included in Dixon's Civil docket.  Thus, for ease of reference and consistency, the Court cites to Dixon's criminal docket in this Order.

[2] The Court **GRANTS** Dixon's Motion to Amend, (doc. 134), to the extent that I have considered the claims and arguments raised in all of Dixon's pleadings when issuing this Report.  I agree with Respondent that the arguments raised in Dixon's supplemental pleadings are essentially a reiteration of the unavailing arguments that he raises in his initial Motion.  However, in an abundance of caution, the Court has assessed those pleadings.

**BACKGROUND**

On December 6, 2012, the grand jury in this District charged Dixon with participating in a conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 (Count One); possessing cocaine base with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count Two); possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three); and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Four). (Doc. 1.) On July 8, 2013, Dixon pleaded guilty to Counts Two and Three, possession of cocaine base and possessing a firearm as a convicted felon, respectively. (Doc. 54.) The Government agreed to dismiss the other two counts in exchange for Dixon's plea to these counts. (Doc. 77.)

On January 6, 2014, Dixon had a supplemental change of plea hearing. (Doc. 71.) According to Dixon's Sentencing Brief, this supplemental hearing was necessitated by the fact that Dixon was not advised at his first plea hearing of the potential that he would be sentenced as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). (Doc. 73, pp. 2–3.) Dixon's designation as an armed career criminal under the ACCA was due to his prior convictions of: (1) possession of marijuana with intent to distribute; (2) felony obstruction; and (3) sale of cocaine. (Pre-Sentence Investigation Report ("PSI"), ¶¶ 41, 42, 43.)

Having been advised of the penalties he would face under the ACCA, Dixon then entered a guilty plea at the supplemental hearing. (Doc. 71.) In the sentencing memorandum, Dixon requested that the Court sentence him to the statutory minimum under the ACCA, 180 months. (Doc. 73.) At the sentencing hearing, the Honorable William T. Moore, Jr. sentenced Dixon to 188 months' imprisonment, above the statutory minimum, but at the low end of Dixon's advisory Guideline range. (Doc. 78.) Judge Moore specifically sentenced Dixon to 188 months

imprisonment as to both Counts 2 and 3 and ordered that those sentences run concurrently. (Id. at p. 2.)

Dixon filed a direct appeal to the United States Court of Appeals for the Eleventh Circuit where, for the first time, he challenged his designation as an armed career criminal under the ACCA. (Doc. 79.) The Eleventh Circuit rejected Dixon's arguments and affirmed his sentence. (Doc. 105.) Specifically, that court found no plain error in the determination that Dixon's 1998 conviction for obstructing a law enforcement officer qualified as a "violent felony" under the ACCA. (Id. at p. 4.) The Eleventh Circuit also overruled Dixon's argument that his 1998 conviction for possessing marijuana with the intent to distribute did not qualify as a "serious drug offense." (Id. at p. 5.)

## DISCUSSION

In the instant Section 2255 Motion, Dixon again attacks his classification as an armed career criminal. (Docs. 111, 134.) Specifically, he contends that his conviction for felony obstruction of a law enforcement officer no longer qualifies as a "violent felony" under the ACCA following the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015). (Id. at p. 16–17.)[3] In response, the Government argues that the decision in Johnson has no bearing on Dixon's status, and that his prior convictions, including his conviction for felony obstruction of a law enforcement officer, qualify as predicate felonies under the ACCA. (Doc. 118.)

**I.  Whether Dixon is Entitled to Relief Pursuant to Johnson**

Federal law prohibits certain persons, including convicted felons, from shipping, possessing, or receiving firearms. 18 U.S.C. § 922(g)(1). Ordinarily, an individual that violates

---

[3]  Though Dixon discusses the fact that the Court found his prior conviction for possessing marijuana with the intent to distribute to be a "serious drug offense" under the ACCA, he does not appear to challenge that finding in this Motion. To the extent he does raise that challenge, the Court should reject it for the same reasons cited by the Eleventh Circuit on Dixon's direct appeal.

3

this prohibition faces a statutory maximum sentence of ten years' imprisonment.  18 U.S.C. § 924(a)(2).  However, under statutory provisions that are commonly referred to as the "Armed Career Criminal Act" or "ACCA", any person who violates Section 922(g) and has on three or more occasions been convicted for a "serious drug offense" or "violent felony" will receive a mandatory minimum sentence of fifteen years' imprisonment.  18 U.S.C. § 924(e)(1).  "Serious drug offense" means "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law[.]"  18 U.S.C. § 924(e)(2)(A)(ii).  As the Supreme Court explained in Johnson, the ACCA:

> defines 'violent felony' as follows: 'any crime punishable by imprisonment for a term exceeding one year . . . that—'(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*' § 924(e)(2)(B) (emphasis added).  The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

___ U.S. at ___, 135 S. Ct. at 2555–56.  In Johnson, the Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process[.]"  ___ U.S. at ___, 135 S. Ct. at 2563.  However, the Court also emphasized that its "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."  Id.

In this case, Dixon argues that, because the Court considered his prior conviction for obstruction of a law enforcement official to be a violent felony under the ACCA's now-defunct residual clause, his ACCA sentence is invalid, and he should be resentenced.  (Docs. 111, 134.)  The Government responds that Johnson has no effect on Dixon's ACCA classification because his obstruction conviction is a violent felony under the "elements clause" of the statute.  (Doc. 118, pp. 4–7.)  Subsection (i), or the "elements clause," of the ACCA provides a definition of

4

"violent felony" separate and apart from the Act's residual clause. The elements clause defines a violent felony as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

Given that this clause of the ACCA focuses on the statutory elements of the prior conviction, the Court must turn to the language of the state statute under which Dixon was convicted. The Georgia statute on felony obstruction at the time of Dixon's conviction provided:

> Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer, prison guard, jailer, correctional officer, community supervision officer, county or Department of Juvenile Justice juvenile probation officer, probation officer serving pursuant to Article 6 of Chapter 8 of Title 42, or conservation ranger in the lawful discharge of his or her official duties **by offering or doing violence to the person of such officer** or legally authorized person shall be guilty of a felony . . . .

O.C.G.A. § 16-10-24(b) (emphasis supplied). Given the above emphasized element, the plain language of this statute appears to meet Section 924(e)(2)(B)(i)'s requirement that the statute of conviction include the use, attempted use, or threatened use of physical force.

Indeed, the Eleventh Circuit has squarely found that a conviction under this statute satisfies the elements clause of the ACCA. United States v. Brown, 805 F.3d 1325, 1327 (11th Cir. 2015) ("The district court correctly determined that felony obstruction under Georgia law is categorically a violent felony for purposes of the ACCA's elements clause."); see also United States v. Cook, 686 F. App'x 662, 663–64 (11th Cir. 2017) (reversing non-ACCA sentence of defendant because defendant's felony obstruction conviction qualifies as a violent felony under elements clause under binding precedent of Brown). Relying upon prior Eleventh Circuit precedent interpreting the ACCA's elements clause as well as a Georgia precedent interpreting the state's obstruction statute, the Eleventh Circuit held that "the Georgia crime of felony obstruction of justice categorically meets the 'use, attempted use, or threatened use of physical force' requirement of the elements clause of the ACCA." Brown, 805 F.3d at 1327.

5

Given the binding precedent of Brown and the plain language of Georgia's obstruction statute, Dixon's prior conviction for felony obstruction qualifies as a violent felony under the ACCA's elements clause.  Thus, even with the residual clause now having been excised from the ACCA by Johnson, the Court properly sentenced Dixon as an armed career criminal.  Consequently, Dixon is not entitled to his requested relief, and I **RECOMMEND** the Court **DENY** his Motion to Vacate, Set Aside, or Correct his Sentence.[4]

## II.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Dixon leave to appeal *in forma pauperis* and a Certificate of Appealability ("COA").  Though Dixon has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (Emphasis supplied); see also

---

[4] Even if Dixon's arguments were meritorious, it may be that the concurrent sentence doctrine provides an alternative basis for dismissing his Motion.  "The concurrent sentence doctrine provides that, if a defendant is given concurrent sentences on several counts and the conviction on one count is found to be valid, an appellate court need not consider the validity of the convictions on the other counts." United States v. Fuentes–Jimenez, 750 F.2d 1495, 1497 (11th Cir.1985) (citations omitted).  Here, Judge Moore sentenced Dixon to 188 months as to both Counts 2 and 3, and ordered that those sentences run concurrently. (Doc. 78, p. 2.)  While Dixon attacks his sentence for possessing a firearm as a convicted felon (Count 3), he does not challenge his equal and concurrent sentence for possessing cocaine base with intent to distribute (Count 2).  However, the parties have not addressed this issue, and it is not clear whether the "concurrent sentence doctrine" or the "sentencing package doctrine" should control this question.  Compare United States v. Fowler, 749 F.3d 1010, 1015 (11th Cir. 2014) ("sentencing package doctrine" is a "common judicial practice grounded in a basic notion" that "sentencing on multiple counts is an inherently interrelated, interconnected, and holistic process which requires a court to craft an overall sentence—the 'sentence package'—that reflects the guidelines and the relevant § 3553(a) factors"); United States v. Rozier, 485 Fed. App'x 352, 356 (11th Cir. 2012) ("a district court has jurisdiction to resentence a defendant on unchallenged counts of conviction, following a successful collateral attack, when the unchallenged and challenged counts are 'interdependent' for sentencing purposes under the Guidelines"), with Fuentes-Jimenez, 750 F.2d at 1497; In re Williams, 826 F.3d 1351, 1357 (11th Cir. 2016) (applying the concurrent sentence doctrine to deny an inmate's application to file a second or successive § 2255 motion to raise a Johnson claim); Willits v. United States, 182 F. Supp. 3d 1278, 1280–83 (M.D. Fla. 2016) (analyzing whether under § 2255 where the inmate's sentence erroneously was enhanced under the ACCA "the Court should resentence [the inmate] on both counts of conviction under the sentencing package doctrine or decline to resentence [him] under the concurrent sentence doctrine").  Given that Dixon's claims are due to be denied on the merits, the Court need not delve into this issue in this case.

Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Dixon's pleading and the Government's Response and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Dixon a Certificate of Appealability, Dixon is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Dixon *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** this Court **DENY** Dixon's Motion to Vacate, Set Aside, or Correct his Sentence, (doc. 111), **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Dixon a Certificate of Appealability and *in forma pauperis* status on appeal. Accordingly, the Court should also **DENY** Dixon's Motion for Bond, (doc. 128), Motion to Compel Judgment, (doc. 129), and Motion for Writ of Mandamus, (doc. 133).

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be

8

served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Dixon and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 26th day of January, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA