IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | CASE NO. CR512-018 |
| ) | |
| ANDREW D. DIXON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## O R D E R

Before the Court is Defendant Andrew Dixon's Motion for Judicial Recommendation for Twelve Months or More RRC/Community Confinement (Doc. 196), which the Government has opposed (Doc. 197). For the following reasons, Defendant's motion (Doc. 196) is **DENIED**.

### BACKGROUND

In July 2013, Defendant pleaded guilty to possession with intent to distribute a controlled substance and possession of a firearm by a convicted felon. (Doc. 54.) Defendant was sentenced to 188 months' imprisonment (Doc. 78 at 2), and the Eleventh Circuit affirmed that sentence on appeal. See United States v. Dixon, 598 F. App'x 704, 706 (11th Cir. 2015) (per curiam). According to the Federal Bureau of Prisons' ("BOP") website, Defendant is currently incarcerated at Federal Correctional Institution Oakdale I located in Oakdale, Louisiana, with a projected release date of September 2, 2028. See BOP Inmate

Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on June 10, 2022).

## ANALYSIS

In his motion, Defendant asks the Court to recommend that the BOP extend Defendant's placement in a residential reentry center ("RRC") to twelve months or more. (Doc. 196 at 1, 3.) Defendant argues he needs this time to allow him to effectively reacclimate into society. (Doc. 196 at 3; Doc. 199 at 2.) As evidence of his rehabilitation, Defendant notes he has enrolled in multiple programs and completed a 40-hour non-residential drug treatment program. (Doc. 196 at 2-3.)

The Government acknowledges that the Court has the authority to make non-binding recommendations to the BOP regarding the length of Defendant's placement in an RRC. (Doc. 197 at 2-3.) However, the Government argues the Court should decline Defendant's request because the BOP is in the best position to determine when he should be placed in an RRC. (Id. at 3.)

Federal law provides that the court that sentences a defendant may make certain recommendations to the BOP, including "the type of penal or correctional institution that is appropriate." United States v. Baker, No. 3:01cr94-01-MHT, 2013 WL 355867, at *1 (M.D. Ala. Jan. 29, 2013) (citing 18 U.S.C. § 3621(b)(4)(B)). However, "the recommendation has 'no binding effect.' " United States v.

2

Sanford, No. 1:03-cr-00053-JAW, 2021 WL 4342316, at *2 (D. Me. Sept. 23, 2021) (citing 18 U.S.C. § 3621(b)). The Court believes

> [t]he length of time an inmate should reside in a reentry center after a period of incarceration seems . . . to fall more squarely within the BOP's penological expertise than within this Court's judicial experience. In addition, the BOP has at all times many inmates eligible for assignment to residential reentry centers and how the BOP applies the statutory criteria of 18 U.S.C. § 3621(b) among its inmates and designates them for placement in specific residential reentry centers are matters within the BOP's institutional expertise and statutory authority.

Id. at *3. Accordingly, because "the Court concludes that the BOP is better able than the Court to assess [Defendant's] current suitability for a halfway house and to prioritize him for placement among its inmate population[,]" the Court **DENIES** Defendant's request for a judicial recommendation (Doc. 196). Id. at *4.

SO ORDERED this 13th day of June 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA