IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| ANDREW DIXON, | |
| Movant, | CIVIL ACTION NO.: 5:21-cv-35 |
| v. | |
| UNITED STATES OF AMERICA, | (Case No.: 5:12-cr-18) |
| Respondent. | |

## ORDER AND REPORT AND RECOMMENDATION

Movant Andrew Dixon ("Dixon"), who is currently housed at the Federal Correctional Institution in Oakdale, Louisiana, filed a pleading docketed as a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence, as amended, and two Motions to Amend. Docs. 1, 2, 7, 11. Dixon also filed a Motion for Appointment of Counsel and a Motion for Evidentiary Hearing. Docs. 12, 13. For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Dixon's § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Dixon *in forma pauperis* status on appeal and a Certificate of Appealability.[1] I **GRANT** Dixon's Motions to Amend for completeness purposes

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Dixon his suit is due to be dismissed. As indicated below, Dixon will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL

but do not accept as true any assertions made in these Motions. Docs. 2, 7. I **DENY** Dixon's Motions for Appointment of Counsel and for an Evidentiary Hearing. Docs. 12, 13.

## BACKGROUND

Dixon was charged by indictment with conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846 (count 1); possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (count 2); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (count 3); and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (count 4). United States v. Dixon, 5:12-cr-18 ("Crim. Case"), Doc. 1. Dixon entered a guilty plea to the possession of cocaine base charge and the possession of a firearm by a convicted felon charge (counts 2 and 3), and the Government agreed to move to dismiss the other two pending charges against Dixon. Crim. Case, Docs. 54, 77. Dixon had a supplemental change of plea hearing, which was necessary because Dixon had not been advised of the potential he would be sentenced as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on three qualifying convictions. Crim. Case, Docs. 71, 73, 138. The Honorable William T. Moore, Jr., sentenced Dixon to 188 months' imprisonment on both counts to which he pleaded guilty and ordered his sentences run concurrently. Crim. Case, Doc. 78.

Dixon filed a direct appeal and challenged his designation as an armed career criminal under the ACCA. Crim. Case, Doc. 79. The Eleventh Circuit Court of Appeals rejected Dixon's arguments and affirmed his convictions and sentence. Crim. Case, Doc. 105.

---

5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

Dixon then filed a § 2255 motion in this Court and attacked his armed career criminal designation based on Johnson v. United States, 576 U.S. 591 (2015).[2] Crim. Case, Docs. 111, 134. This Court found Dixon qualified as an armed career criminal, even in light of the ACCA's residual clause having been excised under the Johnson decision. Crim. Case, Docs. 138, 140, 141. Dixon appealed this Court's judgment. Crim. Case, Doc. 142. The Eleventh Circuit denied Dixon's motion for a certificate of appealability because he failed to make a substantial showing of the denial of a constitutional right. Crim. Case, Doc. 144. Dixon filed two motions to reduce his sentence, and the Court denied both motions. Crim. Case, Docs. 146, 152, 153, 163, 169.

Dixon has now filed this instant Motion under 28 U.S.C. § 2255(e) (the saving clause) and 28 U.S.C. § 2241, though it was docketed as a § 2255 motion in his criminal proceedings. Doc. 1. Dixon contends he is actually innocent of his felon in possession conviction and cites Rehaif v. United States, 139 S. Ct. 2191 (June 21, 2019). Doc. 1 at 1. Dixon contends the Government had to prove he knew he possessed a firearm and knew he was a prohibited person. Id. In his first Motion to Amend, Dixon asks this Court to recognize he filed a motion based on Rehaif in the Northern District of Georgia in January 2020. Doc. 2 at 1. Dixon also contends he

---

[2] In Johnson, the Supreme Court explained the ACCA:

> defines 'violent felony' as follows: 'any crime punishable by imprisonment for a term exceeding one year . . . that—'(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*' § 924(e)(2)(B) (emphasis added). The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

576 U.S. at 593–94. The Court held "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Id. at 606. However, the Court also emphasized its "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Id.

is actually innocent of the ACCA enhancement and cites <u>Borden v. United States</u>, 141 S. Ct. 1817 (2021).  Doc. 11.

## DISCUSSION

**I.        Whether This Court Has Jurisdiction Over Dixon's § 2255 Motion**

To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion.  28 U.S.C. § 2244(b)(3)(A); <u>Young v. FCI Miami Warden</u>, 805 F. App'x 829, 831 (11th Cir. 2020) (quoting <u>Farris v. United States</u>, 333 F.3d 1211, 1216 (11th Cir. 2003)).  A panel of the court of appeals must certify the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  Without this authorization, a district court lacks jurisdiction to consider a second or successive § 2255 motion.  <u>Burcks v. United States</u>, 842 F. App'x 500, 502 (11th Cir. 2021) (citing <u>Farris</u>, 333 F.3d at 1216).

Here, Dixon has filed a § 2255 motion on a previous occasion and this Court denied his previously filed motion on the merits.  Dixon has not sought authorization from the Eleventh Circuit to file a second or successive § 2255 motion in this Court; thus, this Court is without jurisdiction to entertain Dixon's § 2255 Motion, to the extent Dixon's Motion was docketed as a § 2255 Motion, and should dismiss the Motion.  The Court recognizes Dixon's Amended Motion but notes nothing in this amendment indicates Dixon has sought and received proper authorization to proceed with a second or successive § 2255 motion.  Doc. 11.

4

**II.    Whether Dixon Can Proceed Under § 2241**

Dixon's Petition should be dismissed because it is an attack on his federal conviction and sentence that can only be made in compliance with § 2255, and Dixon has not satisfied the requirements of § 2255.  Dixon's labeling his filing as a § 2255(e)/§ 2241 petition does not help.  His Petition is a barred and should be dismissed.

Section 2241 habeas corpus petitions "are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement."  Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (internal punctuation and citation omitted).  Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction.  28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013), *abrogation on other grounds recognized by* United States v. Hill, 799 F.3d. 1318, 1321 n.1 (11th Cir. 2015).  To utilize § 2241 to attack the validity of a federal sentence or conviction, a petitioner must show the remedy afforded under § 2255 is "inadequate or ineffective."  Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014); Turner, 709 F.3d at 1333 (noting the petitioner bears the burden of establishing the remedy under § 2255 was inadequate or ineffective to test the legality of his detention).  A motion to vacate covers only challenges to the validity of a sentence, but the saving clause and a petition for a writ of habeas corpus cover challenges to the execution of a sentence.  Cf. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("It is well-settled that a § 2255 motion to vacate is a separate and distinct remedy from habeas corpus proper . . . .  A prisoner in custody pursuant to a federal court judgment may proceed under §2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence.") (internal

citations omitted)); United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) ("[The prisoner's] appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the alleged errors occurred at or prior to sentencing.").

Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255(e) (emphasis added). The above-emphasized portion of § 2255(e) is referred to as the "saving clause." "Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy" the saving clause. McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017).

To determine whether a prisoner satisfies the saving clause, a court need only analyze "whether the motion to vacate is an adequate procedure to test the prisoner's claim." Id. at 1086. To answer this question, a court should "ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy." Id. at 1086–87. In short, when reviewing a § 2241 petition, courts should look to whether the petitioner's claim is of a kind that is "cognizable" under § 2255. If so, the petitioner cannot meet the "saving clause" and cannot proceed under § 2241. To be sure, "[t]he remedy [afforded] by [a § 2255] motion is not ineffective unless the procedure it provides is incapable of adjudicating the claim." Id. at 1088. Whether the petitioner is entitled to relief under § 2255 is not relevant to the McCarthan test. Rather, it is the "remedy" that must be "inadequate or ineffective" to trigger the saving clause, meaning "the available process—not substantive relief." Id. at 1086.

6

The saving clause can be used in cases presenting "limited circumstances," but Dixon does not present any of those circumstances through his instant Petition.[3] Dixon is clearly challenging his conviction and sentence. Docs. 1, 2. This is the type of claim and requested relief § 2255 encompasses. It is clear Dixon is not attacking the manner in which his sentence is being executed but his conviction and sentence themselves. He would have been permitted to bring this type of claim in a motion to vacate, and § 2255 provided Dixon with an adequate procedure to test his claim. In fact, Dixon already filed a § 2255 motion in this Court.[4]

Further, Dixon's § 2255 remedy is not nullified within the meaning of the saving clause merely because he may not be able to overcome procedural requirements for relief. See McCarthan, 851 F.3d at 1086 ("[A] procedural bar might prevent relief, but that bar does not render the motion itself an ineffective or inadequate remedy."). Thus, the fact Dixon faces a bar against a second or successive § 2255 motion or a statute of limitations bar to bringing a § 2255 motion does not itself render a § 2255 motion inadequate or ineffective. Id.

Section 2255 provided Dixon an "adequate procedure" to test his conviction and sentence before the sentencing court. In fact, Dixon used the § 2255 mechanism in this District and just was not successful. Consequently, Dixon cannot show § 2255's remedy is "inadequate or ineffective" to challenge his conviction and sentence and "cannot now use the saving clause to

---

[3] Examples of cases presenting "limited circumstances" in which the saving clause is applicable are challenges to the deprivation of good-time credits or parole determinations, when the sentencing court has been dissolved, or when a petitioner was sentenced in multiple courts. McCarthan, 851 F.3d at 1092–93. However, "only in those kinds of limited circumstances is [the remedy by motion] 'inadequate or ineffective to test the legality of his detention.'" Id. (citations omitted). It is not enough to trigger the "saving clause" to claim that new case law exists, that new facts have come to light, or that the § 2255 court got it wrong. Id. at 1086, 1090.

[4] In Rehaif, the Supreme Court held the government must prove the defendant knew he possessed a firearm and he knew he had the relevant status of a restricted person when he possessed the firearm in order to secure a conviction under §§ 922(g) or 924(a). 139 S. Ct. at 2194. This decision did not announce a new rule of constitutional law made retroactively applicable to cases on collateral review. In re Palacios, 931 F.3d 1314 (11th Cir. 2019).

make [his] claim in a petition for a writ of habeas corpus." McCarthan, 851 F.3d at 1099–1100. Because Dixon cannot satisfy the saving clause, his claim is procedurally barred, and the Court cannot reach the merits of his arguments in his Petition.

### III.     Motion to Appoint Counsel

Dixon states he filed a detailed § 2255 Motion and the Government has not responded; thus, this Court should appoint counsel to represent him.  Doc. 12.  There is no automatic constitutional right to counsel in post-conviction proceedings in a criminal case.  See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (citing Barbour v. Haley, 471 F. 3d 1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985); see also Barbour v. Haley, 471 F.3d 1222, 1227–32 (11th Cir. 2006) (Even defendants sentenced to death do not enjoy a constitutional right to post-conviction counsel.).

Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. § 2255, but such requests are discretionary when "due process or the 'interests of justice'" so require.  Hooks, 775 F.2d at 1438; Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979); see also 28 U.S.C. § 2255 (g) & Rule 8 (c) of the Rules of Governing Section 2255 Cases in the United States District Courts (authorizing appointment of counsel under § 3006A).  Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]"  McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012).

It does not appear the interests of justice or due process require Dixon be afforded counsel and, as discussed below, it does not appear an evidentiary hearing will be required at this time.  Dixon does not lay out any such circumstances in either his § 2255 Motion or this Motion. Should it later become apparent in these proceedings an evidentiary hearing is required or the

interests of justice or due process so require, then counsel shall be appointed for Dixon. Accordingly, the Court **DENIES** Dixon's Motion.

IV.   **Motion for Evidentiary Hearing**

In this Motion, Dixon asserts he has presented new evidence showing the Government failed to prove he knew he possessed a firearm and knew he belonged to the class of prohibited persons. Doc. 13 at 1. Section 2255 does not require the Court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" Winthrop-Redin, 767 F.3d at 1216 (quoting 28 U.S.C. § 2255(b)). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted). Moreover, a movant is not entitled to an evidentiary hearing where he asserts "merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted); see also Lynn v. United States, 365 F.3d 1225, 1238–39 (11th Cir. 2004). Because Dixon's claims lack merit as a matter of law or are otherwise affirmatively contradicted by the record, no evidentiary hearing is necessary. Consequently, the Court **DENIES** Dixon's Motion for an Evidentiary Hearing.

V.   **Leave to Appeal *in Forma Pauperis* and Certificate of Appealability**

The Court should also deny Dixon leave to appeal *in forma pauperis*. Though Dixon has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An

appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'"  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued.  Pursuant to Rule 11 of the Rules Governing Section 2255 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right.  The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Id.  "Where a plain procedural bar is present and the district court is correct to invoke it

to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Dixon's § 2255 filings and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appealability; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Dixon a Certificate of Appealability, Dixon is advised he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** Dixon's § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Dixon a Certificate of Appealability and *in forma pauperis* status on appeal. I **GRANT** Dixon's Motions to Amend and **DENY** his Motions to Appoint Counsel and for Evidentiary Hearing.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file

timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 24th day of June, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA