IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| ANDREW DIXON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NOS. CV521-035 |
| ) | CR512-018 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

Before the Court is the Magistrate Judge's June 24, 2022, Report and Recommendation (Doc. 16), to which Petitioner has filed objections (Doc. 17).[1] For the following reasons, and after a careful review of the record,[2] Petitioner's objections (Doc. 17) are **OVERRULED**, and the Magistrate Judge's Report and Recommendation (Doc. 16) is **ADOPTED** as the Court's opinion in this case.

**ANALYSIS**

In his objections, Petitioner argues that his 28 U.S.C. § 2255 petition should not be dismissed because he was misguided by other

---

[1] Unless otherwise stated, all citations are to Petitioner's civil docket on this Court's electronic filing system, CV521-035.
[2] The Court reviews de novo a magistrate judge's findings to which a party objects and for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (outlining the standard of review for reports and recommendations (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam))).

district courts. (Doc. 17 at 1.) According to Petitioner, he previously filed 28 U.S.C. § 2241 motions in the Western District of Louisiana and the Northern District of Georgia, and both district courts dismissed his petition due to lack of jurisdiction, informing Petitioner that his claims must be brought through a § 2255 motion in the Southern District of Georgia. (Id. at 1-2.) Now that the Magistrate Judge has recommended dismissal of his petition in this district on jurisdictional grounds (Doc. 16 at 4), Petitioner appears to be understandably confused.

However, there is no conflict between what the other district courts told Petitioner and the Magistrate Judge's recommendation. The Magistrate Judge correctly determined that Petitioner's claims are a collateral attack on the validity of his federal conviction or sentence. (Doc. 16 at 5.) Such claims typically must be pursued through filing § 2255 motion in the district of conviction, which in Petitioner's case is the Southern District of Georgia. See Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (per curiam) (citations omitted). So, if any district court were authorized to hear Petitioner's claims, it would be this Court. Yet, the Magistrate Judge was also correct in finding that Petitioner is attempting to file a second or successive § 2255 without certification from the Eleventh Circuit Court of Appeals and that Petitioner's claims are not excepted from this requirement under § 2255(e)'s saving clause. (Doc. 16 at 4, 7-8.) Accordingly, this

2

Court, as well as any other district court, is without jurisdiction to entertain Petitioner's § 2255 motion unless he receives certification from the Eleventh Circuit. Vieux, 616 F. App'x at 896 (explaining a prisoner must either receive authorization from the Court of Appeals or satisfy § 2255(e)'s "saving clause" before a district court can review a second collateral attack on the validity of a sentence or conviction). Therefore, the Court agrees with the Magistrate Judge's recommendation to dismiss Petitioner's petition in this case.

## CONCLUSION

For the foregoing reasons, Petitioner's objections (Doc. 17) are **OVERRULED,** and the Magistrate Judge's Report and Recommendation (Doc. 16) is **ADOPTED** as the Court's opinion in this case.[3] As a result, this action is **DISMISSED WITHOUT PREJUDICE.** The Clerk of Court is **DIRECTED** to close this case.

Further, an applicant must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. Applying the COA standards set forth in Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1-2 (S.D. Ga.

---

[3] In his objections, Petitioner again requests an evidentiary hearing and the appointment of counsel. (Doc. 17 at 2-3.) The Magistrate Judge already denied these requests (Doc. 16 at 8-9), and the Court discerns no reason to overturn the Magistrate Judge's ruling on these issues. Accordingly, to the extent Petitioner is objecting to the Magistrate Judge's denial of his requests for counsel and an evidentiary hearing, these objections are **OVERRULED.**

Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA will issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

SO ORDERED this 18th day of July 2022.

_____
WILLIAM T. MOORE, JR., JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4